UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:25-CR-11-GFVT-MAS

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          PLEA AGREEMENT

JAMES L. SHUCK                                             DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 3 of the Indictment. Count 1 charges a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 10 grams or more of fluorofentanyl and a mixture containing methamphetamine. Count 3 charges a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of drug trafficking. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 2.

2. The essential elements of Count 1 are:

(a) First, the Defendant knowingly possessed 10 grams or more of fluorofentanyl and a mixture containing methamphetamine; and

(b) Second, the Defendant intended to distribute the fluorofentanyl and methamphetamine.

3. The essential elements of Count 3 are:

(a) First, the Defendant committed the crime charged in Count 1, which is a drug trafficking crime that may be prosecuted in a court of the United States;

(b) Second, the Defendant knowingly possessed a firearm; and

1

> (c) Third, the possession of the firearm was in furtherance of the crime charged in Count 1.

4. As to Counts 1 and 3, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits that these facts are true:

> (a) In 2023, the Shelbyville Police Department began investigating the Defendant's drug trafficking activities. The investigation culminated in a search of the Defendant's residence in Shelby County, Kentucky, on December 19, 2024. All relevant conduct occurred in Shelby County, in the Eastern District of Kentucky. On that date, the Defendant knowingly possessed in his residence the following controlled substances, as confirmed by lab testing: 5.810 grams of a mixture containing fluorofentanyl, fentanyl, and heroin; 21.135 grams of a mixture containing methamphetamine; 3.211 grams of a mixture containing fluorofentanyl and fentanyl; and 23.481 grams of a mixture containing fluorofentanyl and fentanyl. The Defendant admits that he is responsible for 367.29 KG of converted drug weight. The Defendant intended to distribute these controlled substances. After being Mirandized, the Defendant stated he had lived at the residence for a year. He admitted selling $300-$500 of narcotics per day, most of which was methamphetamine, and that he sold fentanyl from Louisville. The drugs were found in the Defendant's bedside table and under his bed. There were more narcotics and a sum of money in a bag under the Defendant's bed.

> (b) On December 19, 2024, the Defendant also knowingly possessed a firearm, a Ruger model AR-556, 5.56 caliber rifle, serial number 856-87503. The firearm was strategically located under the Defendant's mattress, quickly and easily available for use, and in close proximity to the Defendant and to the seized controlled substances. The Defendant was sleeping on top of the firearm at the time of the search. The Defendant admitted possessing the firearm. As admitted above, the Defendant committed the crime charged in Count 1, which is a drug trafficking crime that may be prosecuted in a court of the United States. The Defendant possessed the firearm in furtherance of that drug trafficking crime.

5. The statutory punishment for Count 1 is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of not less than 4 years. The statutory punishment for Count 3 is imprisonment for not less than 5 years and not more than life, consecutive to any other sentence; a fine of not

2

more than $250,000; and a term of supervised release of not more than 5 years. A mandatory special assessment of $100 per count applies, for a total of $200, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

> (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 4 and all provided discovery materials.

> (c) Pursuant to U.S.S.G. § 2D1.1(a)(5) & (c)(8), the base offense level for Count 1 is 24 because the offense involves approximately 367.29 KG of converted drug weight.

> (d) The United States anticipates seeking, and the Defendant reserves the right to oppose, a 2-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing a controlled substance.

> (e) Pursuant to U.S.S.G. § 2K2.4(b), for Count 3, "the guideline sentence is the minimum term of imprisonment required by statute," 60 months consecutive to any other sentence imposed.

> (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

9. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture

4

and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

5

Date: __5/14/26__                    By: _____
                                          James T. Chapman
                                          Assistant United States Attorney

Date: __5/5/2026__                   _____
                                          James L. Shuck
                                          Defendant

Date: __5/5/2026__                   _____
                                          Noah R. Friend
                                          Attorney for Defendant